# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. H-20-26-20 |
| | § | |
| BRYAN MARTINEZ | § | |

## DEFENDANT'S MOTION TO DISMISS THE INDICTMENT, OR IN THE ALTERNATIVE, MOTION TO ABATE COMPETENCY HEARING

**TO THE HONORABLE LEE ROSENTHAL, PRESIDING JUDGE:**

The Defendant stands charged by Indictment with the non-violent criminal offense of Aiding and Abetting Receipt of Ammunition by a Prohibited Person.

I.

The underlying accusation that supposedly makes Defendant Bryan Martinez a "prohibited person" is that he was on deferred adjudication for the state court offense of evading detention in an auto at the time he allegedly committed this offense, and as such, he "was under indictment", for purposes of the aiding and abetting statute, and therefore a "prohibited person".

II.

At least two district Courts in the Fifth Circuit have recently held that the prohibition against possessing a firearm (in the case at Bar ammunition for a firearm) while under indictment, is unconstitutional.

1. United States v. Hicks, No.21-cr-00060, 202 WL 164170(W.D. Tex. Jan 9, 2023) (Judge Alan Albright); and

2. United States v. Quiroz, No. 22-cr-00104, 2022 WL 4352482 (W.D. Tx. Sept. 19, 2022 (Judge David Counts).

The government has appealed both cases, and it is the understanding of the undersigned that Quirzo was heard by the Fifth Circuit in February, 2023, but no Fifth Court decision has yet been issued.

III.

Based on the holdings of Fifth Circuit Court of Appeals in two different appellate cases on the same charge reflected in the Indictment currently before this Honorable Court, of the unconstitutionality of the statute, and the fact of currently awaiting an opinion of the Fifth Circuit in both cases, the Defendant hereby moves this Honorable Court to dismiss the Indictment against the Defendant, or in the alternative, to abate this prosecution until such time as the Appellate Courts have rendered a decision in those matter.

# IV.

A competency hearing is currently set for the day-after-tomorrow, the 20th, to decide if Bryan Martinez, who is undisputedly mentally impaired/intellectually disabled, and has been since birth, is sent unnecessarily to confinement in another city to what is tantamount to "virtual purgatory" where his stay there can be extended indefinitely, in a city far away from his family, with whom he has lived his entire 23 year life, to a city where it is unlikely his family will be able to afford to travel, even if they would be allowed to visit. Bryan is on bond at this time and has been for many months with no violations of his bond conditions.

The fact that the statute has been held by the Fifth Circuit to be unconstitutional, and that being the only case pending against the Defendant renders the determination of competency irrelevant, and a hearing thereon unnecessary. Bryan Martinez hereby requests that the competency hearing be cancelled, or abated until all appellate issues have been resolved.

WHEREFORE PREMISES CONSIDERED, the Defendant prays that this Motion to Dismiss be, in all things granted, and that, based on the holdings (2) of the Fifth Circuit of Appeals on the afore cited cases, that this case be, in all things Dismissed.

In the alternative, if the aforementioned Motion to Dismiss is not, in all things granted, that this case be abated until the appellate process regarding unconstitutionality of the charging statute is final.

Respectfully submitted,

/s/ Windi Akins Pastorini
WINDI AKINS PASTORINI
440 Louisiana, Suite 200
Houston, Texas 77002
(713) 236-7300
(713) 224-2815 Fax
STATE BAR NO. 00962500
***ATTORNEY FOR DEFENDANT***

## CERTIFICATE OF SERVICE

A copy of this document was provided to ausas in charge.

/s/ Windi Pastorini

## CERTIFICATE OF CONFERENCE

The Assistant United States Attorneys in charge were contact about this motion and they are opposed.

/s/ Windi Pastorini