UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

NOV 20 2023

Nathan Ochsner, Clerk of Court

Gustavo Gomez Valenzuela,
   Petitioner.

V.

Case No. 4:20CR00026-014
BEFORE HONORABLE JUDGE
GREGG COSTA
UNITED STATES CIRCUIT JUDGE

United States Of America
   Responded.

## MOTION UNDER OF TITLE 28 U.S.C.§2255
## VACATE, SET ASIDE, OR CORRECT SENTENCE
## BY A PERSON IN FEDERAL CUSTODY
## UNDER FEDERAL CRIMINAL PROCEDURE RULE 35

Comes Now, Petitioner, Gustavo Gomez Valenzuela, in Pro Se, #15233379 that construction liberal, motion §2255, Before Honorable Judge Gregg Costa, and Honorable District Court Of Southern District Of Texas, Houston Division.

Hereby, Petitioner, Gustavo Gomez Valenzuela, respectfully and in the necessity with address to find to relief in sentence draconian, in to this Honorable Court, brought in evidence violation of the FOURTH, SIXTH AMENDMENT, and that claims in the rights.

That counsel's erroneous advice concerning Gustavo Gomez Valenzuela's potential sentence exposure should he go to trial rather than plead guilty was deficient performance under. Strickland V. Washington, 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed 2d 674 (1984). also United States V. Gammas, 376 F.3d 433 (5th Cir. 2004).

## BACKGROUND

1] On March 8, 2020, Gustavo Gomez Valenzuela, approximate 4am he was arrested.

2] On March 10, 2021, Gustavo Gomez Valenzuela, receive an arrest warrant and complain under that offenses, 18 U.S.C.§554, aiding and abetting smuggling goods from United States, and §922(g)(5), Possession of ammunition by an alien that is unlawfully present in the United States that was shipped in interstate commerce. For the United States Magitrate Judge, Andrew M. Edison. See Case No. 4:21 MJo512.

3] On May 14, 2021, a notice of indictment, to Gustavo Gomez Valenzuela, See 5/13/2021- Doc.#217,218, Arraignment Set for 5/20/2021, Before Magistrate Judge, Dena Hanovice Palermo.

4] On May 13, 2021, a Second Superseding Indictment was filed under seal in the United States District Court for the Southern District of Texas, Houston Division, were appear Gustavo Gomez Valenzuela, with some charges.

5] On April 12, 2022, Gustavo Gomez Valenzuela, appeared for re-arraignment with counsel before the Honorable Gregg Costa, United States Circuit Judge, and pleaded guilty to counts, 5, 8, 17, 20, 21, 26, 34 and 35 of the Second Superseding Indictment. See pagragrph 10 of Doc#565, Case No.4:20CR00026.

6] On May 2, 2022, Gustavo Gomez Valenzuela, accepted of responsibility of the factual basis for Guilty Plea which contained in hi Plea Agreement See Doc.# 565, paragraph 93, Case No. 4:20CR00026.

7] On July 14, 2022, Gustavo Gomez Valenzuela, was sentenced with 8 of that counts:

    Count 5, In violation of 18 U.S.C.§924(a)(1)(A) and 2.
        Aiding and abetting a false statement on ATF 4473 Form.

    Count 8, In violation of 18 U.S.C.§924(a)(1)(A) and 2.
        Aiding and Abetting a false statement on ATF 4473 Form.

    Count 17 In violation of 18 U.S.C.§922(g)(5)(A), §924(a)(2) and 2.
        Aiding and Abetting alien in possession of firearm.

Count 20, In violation of 18 U.S.C.§922(g)(1) and §924(a)(2)
   felon in possession of firearm.

Count 21, In violation of 21 U.S.C.§846, §841(a)(1), §841(b)(1)(A)(viii),
   Conspiracy to possess with intent to distribute 50 grams
   or more of methamphetamine, its salts, isomers, and salts
   of its isomers, a schedule II controled Substance.

Count 26, In violation of 18 U.S.C.§554(a) and 2.
   Aiding and abetting smuggling goods from United States.

Count 34, In violation of 18 U.S.C.§1956(a)(2)(A) and (h).
   International money laundering conspiracy.

Count 35, In violation of 18 U.S.C.§1326(a) and (b)(2)
   Illegal reentry of by a previously deported alien after
   an aggravated felony conviction.

Of the term of conviction:

| | |
|---|---|
| Counts, 5, and 8 | 60 months |
| Counts, 17, 20 and 26 | 120 months |
| Count, 21 | 360 months |
| Counts, 34 and 35 | 240 months |

Total term imprisonment, 360 months, See Doc.# 740.

8] Gustavo Gomez Valenzuela, did not file into 14 days that application to appeal sentence, in the court of appeals.

9] Gustavo Gomez Valenzuela, did not file a petition for certiorari in the Unites States Supreme Court.

10] Gustavo Gomez Valenzuela, did not file any other motion, previously this motion.

## GROUNDS

### INEFFECTIVE ASSISTANCE OF COUNSEL: SIXTH AMENDMENT VIOLATION

GENERALLY CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL MAY ONLY BE RAISED ON COLLATERAL REVIEW.

REPRESENTED BY <u>ADRIAN ALMAGUER Attorney at Law</u>
Post Office Box 262406
Houston Texas 77207

TERMINATED FOR
<u>ALEJANDRO MACIAS</u>
PC 5300 Memorial Dr. Suite 1000
Houston Texas 77007

   Accordingly, the instant Gustavo Gomez Valenzuela, in support is timely
filed pursuant to 28 U.S.C.§2255(f)(1), collaterally attacking the judgment imposed

by this court. See Clay V. United States, 537 U.S. 522 (2003)(holding: for the purpose of starting the clock on §2255's one year limitation period, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction).

## JURISDICTION AND VENUE

Gustavo Gomez Valenzuela, invokes this court's subject matter jurisdiction as permitted by 28 U.S.C.§2255 to entertain the motion. (accord rule 1(a)(1) & (4), rules governing §2255 proceedings). His claims are both timely and cognizable and therefore proper for consideration. (see, Generally, Massaro V. United States, 538 U.S. 500, 509 (2003), and Clay V. United States, Supra). He is currently in the custody of the Federal Bureau of Prisons (BOP) at the United States FCI/ MCDOWELL, Welch, West Virginia. His physical confinement is not shared with the public generally and stem from his convictions and sentences imposed before this court. See generally, Jones V. Cunningham, 371 U.S. 236, 249 (1963).

## THE INSTANT MOTION ALLEGES THAT:

1] These sentences and conviction were imposed in violation of the constitution or laws of the United States.

2] The sentences imposed are otherwise open to collateral attack because:

a) they violate of Gustavo Gomez Valenzuela's 5th and 6th Amendment protection under the constitution of the United States; b) they involve a fundamental defect that resulted in an incorrect application of the advisory guidelines in this court's determination of the sentences imposed; c) the errors complained of are inconsistent with the rudimentary demands of fair procedure; and d) have resulted in grounds for alleging ineffective assistance of counsel pursuant to binding precedent and Gustavo Gomez Valenzuela's 6th Amendment protection under the Constitution of the United States.

## APPLICATION OF THE LIBERAL CONSTRUCTION DOCTRINE

As Pro Se petitioner incarcerated in federal prison and without the benefit of formal training as an attorney, Gustavo GOmez Valenzuela is entitled to and

Contemporaneously invokes the full measure of the liberal pleading and construance doctrine first expresed in Estelle V. Gamble, 429 U.S 97 (1976). The doctrine obliges this court to apply the law liberally and with a duty of construance under any provision or practice, which would be most benefical for the relief being sought regardless of couching by the Pro Se pleader. As a result of Gustavo Gomez Valenzuela's Pro Se status the instant motion and law must be held to less stringent standards than those drafted by attormeys. Haines V. Kerner, 404 U.S. 519 (1972); Johnson V. Quarterman, 479 F.3d 358 (5th Cir. 2007).

Further, the allegation raised herein nust be taken as true and consequently construed in light favorable to his position, in any issue not specifically rebutted or which may be procedurally waived by respondent (governmant).

grounds, errors & arguments in support of reliefinitial procedural statement
GROUNDS, ERRORS &ARGUMENTS IN SUPPORT OF RELIEF INITIAL PROCEDURAL STATEMENT.

Gustavo Gomez Valenzuela, Proceeds with the instant action colaterally ataking the convictions and sentences imposed before this court. He concedes as he must, than in general term, issues not raised pretrial, at trial or direct appeal subject to the procedural default rules. Gustavo Gomez Valenzuela, further acknowledges that he must show both cause for his failure to assert his claims in an earlier proceeding and the actual prejudice that flows from each alleged error. He contemporaneously advances that such a showing of cause and prejudice is not required if 1) he seeks relief on any issue based on facts not developed at any procedure should be considered to avoid a fundamental miscarriage of justice 2) the government fails to objected to the consideration of newly raised issue or the motion reised certain constitutional claim that may be adequately addressed only on collaterally review. See Unitad States V. Frady, 456 U.S. 152, 162-66 (1982), United States V. Shaid, 937 F.2d 228 (5th Cir. 1991); Massaro V. United States, 538 U.S. 500 (2003), United States V. Gordan, 346 F.3d 135 (5th Cir. 2003);

McClesky V. Zant, 499 U.S. 467 (1991); Rodriguez V. Johnson, 104 F.3d 694, 697 (5th Cir. 1997); United States V. Story, 439 F.3d 226, 231 (5th Cir. 2006); United States V. Dula, 989 F.2d 772, 775-76 (5th Cir 1993) respecttively.

## CONTROLLING PRECEDENT FOR INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

The benefit of raising ineffective assistance of counsel (IAC) claims on collateral reviews is that as here, Gustavo Gomez Valenzuela, can expand the scope of those claims. Otherwise, the law of the case doctrine would prevent, him from pointing to any of his attorney's errors in a collateral attack and the wart the stated purpose of §2255, alleging his attorney's performance were constitutionally deficient and fell below an objective standard of reasonableness. Williams V. Taylor, 529 U.S. 362, 390-91 (2000); Darden V. Wainwright, 477 U.S. 168, 184 (1986); Strickland V Washington, 466 U.S at 687-88; Lackey V. Johnson, 116 F.3d 149, 152 (5th Cir. 1997); and Andrew V. Collins, 21 F.3d 612, 621 (5th Cir. 1994).

## ERRORS

1). Gustavo Gomez Valenzuela, should have been sentenced under a general conspiracy statute, not harsher conspiracy provision of money laundering statute, and counsel was ineffective for failing to object to error at sentencing or raise issue on appeal, where error resulted in Gustavo Gomez Valenzuela, receiving 360 months sentence when had he been properly sentenced, his maximum sentence would have been 60 months. See United States V. Conley, 349 F.3d 837 (5th Cir. 2003).

2). Gustavo Gomez Valenzuela's Claim that counsel was ineffective in failing to object to the drug quantity that was used in the calculation of his base offense level. United States V. Stricklin, 290 F.3d 748 (5th Cir. 2002).

3). Gustavo Gomez Valenzuela's claim guilty plea was not knowing and voluntary where the district court misinformed Gustavo Gomez Valenzuela, as to the possible maximum sentence he faced). United States V. Guerra, 94 F.3d 989 (5th Cir. 1996); United States V. Briggs, 939 F.2d 222(5th Cir. 1991).

Gustavo Gomez Valenzela, raising claim alleging that a violation of rights, constitutional or otherwise, occurred prior to the plea. See Tollett V. Henderson, 411 U.S. 258, 267, 93 S.Ct 1602, 1608, 36 L.Ed 2d 235 (1973).

That is claim of double jeopardy. See United States V. Broce, 488 U.S. 563, 573, 74, 109 S.Ct. 757, 764-65, 102 L.Ed 2d 927 (1989), regarding an illegal search or seizure, See United States V. Johnson, 634 F.3d 385, 386 (8th Cir. 1980)( per curiam), involving the right to a speedy trial. See United States V. Bohn, 956 F.2d 208, 209 (9th Cir. 1992)(per curiam).

A defendant who has pleaded guilty may still obtain section 2255 relief on a claim alleging that the district court lacked jurisdiction.

A plea does not waive challenges to the validity of the plea itself, and convictions obtained by means of a guilty plea have been succefully attacked in section 2255 proceedings where the movant has show that: 1) the Plea was induced by threats or promises; 2) the government breached a plea agreement; 3) the district court initiated or participated in plea negotiations, or; 4) the plea was otherwise not knowing and voluntary.

A plea does not waive the ability to seek section 2255 relief on claims of errors arising after the plea, such as errors at sentencing.

The decision to be bound by the provisions of the agreement, including the waiver provision, must be knowing and voluntary. See id, United States V. Cockerham, 237 F.3d 1179, 1183-83 (10th Cir. 2001); DeRoo V. United States, 223 F.3d 919, 923 (8th Cir. 2000).

Defendant, cannot waived their right to seek relief from an illegal sentence such as one that exceeds the statutory maximum. DeRoo, 223 F.3d at 923 or was imposed in violation of the terms of the agreement, is based upon an impermissible factors such as race, Cockerham, 237 F.3d at 1182.

1] In the plea guilty interview that counsel Adrian Almaguer, On May 2, 2022, he go under pressure and threaten.

2] Counsel errors under the plea was induced by threats or promises, a) sign to 20 or 17 years sentencing; b) under presure and threatened, if you go to trial loss and give life sentence. and I argue under Machibroda V. United States, 368 U.S 487, 493, 82 S.Ct 510, 513, 7, L.Ed 2d 473 (1962); Fontaine V. United States, 411 U.S. 213, 214-15, 93 S.Ct 1461, 1462-63, 36 L.Ed 2d 169 (1973); United States V. Wright, 43 F.3d 491, 497-99 (10th Cir. 1994) (threats to prosecute a third party).

3). The government breach a plea agreement. See United States V. Taylor, 77 F.3d 368, 370-71(11th Cir. 1996); De La Fuente, 8 F.3d at 1335.

4). The district court initiated or participated in the plea negotiations. See United States V. Garfield, 987 F.2d 1424, 1426-27(9th Cir. 1993).

5). The plea was otherwise not knowing and voluntary. See United States V. Guerra, 94 F.3d 989, 995 (5th CIr. 1996)( district court misinformed movant as to possible maximum sentence he could have received); Tress V. United States, 87 F.3d 188, 189-90(7th Cir. 1996)( district Court failed to advised movant of his rights to appeal his sentence, and there is not evidence that movant learned of his right to appeal from another source), United States V. Neely,38 F.3d 458, 460-61 (9th Cir. 1994)(district Court failed could be served consecutively to any state sentence subsequently imposed).

6). Error of the counsel under that rights of Miranda Rights, which in any moment when Gustavo Gomez Valenzuela was arrested, interrogation, don't was given, and when agent does more than just listen, but also initiates discussion of case which leads to incriminating statement from accused after right to counsel has attached, Sixth Amendment Violation Occurs. See Blackmon V. Johnson, 145 F.3d 205 (5th Cir. 1998).

7). Counsel's errors was when don't made objection in a double jeopardy in that charges imposed, manipulated in this case because that charges in a moment was dismissed, under of Count 21, Conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, in violation of title 21 U.S.C.§846; and Count 17 Aiding and abetting alien in possession of firearm in violation of title 18 U.S.C.§922(g)(5)(A) & §924(a)(2) and 2. United States V. Silvers, 90 F.3d 95, 101 (4th Cir. 1999); Brown V. United States, 34 F.3d 990-91 (10 th Cir. 1994).

8). Gustavo Gomez Valenzuela, entering "ALFORD PLEA" pleads guilty buth affirtively protest his factual to charges offense, because of March 8, 2020 he was arrested in that time charges was dismissed. See United States V. Harlan, 35 F.3d 176 (5th Cir. 1994); North Carolina V. Alford, 400 U.S. 25, 27 L.Ed 2d 162; 91 S.ct 160 (1970).

9). To be valid, guilty plea must be knowingly, intelligently and voluntarily entered; defendant must be shown to understand, nature of charges and consequences of plea. Grabowski V. Jackson County Public Defender Office, 47 F.3d 1386 (5th Cir. 1995).

The Constitution protects individuals against invasion of their privacy by the government. Rimie V. City of Hedwig Village, Texas, 765 F.2d 490 (5th Cir. 1985); Whalen V. Roe, 419 U.S. 589, 51 L.Ed 2d 64, 97 S.Ct 869 (1977), California V. Greenwood, 486 U.S. 35, 100 L.Ed 2d 30, 108 S.Ct 1625 (1988)(warrantless search and seizure of garbage bags left for collection on curb outside home upheld. Minnesota V. Olsen, 495 U.S. 91, 109 L.Ed 2d 85, 110 S.Ct 1684(1990)

(The arrest of an OVERNIGHT guest following a warrantless, non-consensual entry violated suspects rights under Fourth Amendment.

Fifth Amendment due process clause held to generally prohibit federal government from seizing real property in civil forfeiture without prior notice and hearing. UNited States V. Good Real Property, 126 U.S. ___, 126 L.Ed 2d 490, 114 S.Ct 492 (1993).

Compounding this error, and in discussing with the nature of the government case Gustavo Gomez Valenzuela's attorney wholly failed to address in any real way the possibility of pleading guilty and seeking a plea agreement for a sentence lesser than what he would be exposed to be proceeding into a higher sentence, not advice, no discussion regarding his guidelines exposure nothing.

Supreme Court decision demonstrate an attorney's continuing obligation to this client at this critical stage of criminal proceedings, in pair of cases decided on March 21, 2012. The SUpreme Court determined that where counsel's ineffective advice led a plea offers rejection and where the prejudice alleged is having to stand in the court open a defendant must show that but for the ineffective advice, there is a reasonable probability that the plea would have been accepted in a lesser conviction (punishment), or sentence would have been less severe. See Lafler V. Cooper, 132 S.Ct 1376 (2012).

In the companion case, the same majority held that to show prejudice where a plea offer has lapsed or been rejected because of counsel's deficient performance the defendant must show a reasonable probability that he would have accepted the plea and it would have been entered without prosecution cancelation or the court rejecting it. See Missouri V. Frye, 132 S.Ct 1399 (2012). Here Gustavo Gomez Valenzuela, Submitts that the very same duty was owed to him by his then attorney. Most assuredly, he would have been to make an informed decision whether to proceed easy to a sentence or continue in the plea procees.

This decision was made under a pressure, promise, and anger pushing to fast easy case finallity that lack disclosure and discussion. A fact that must be examined for attorney motivation. See United States V. Rivas Lopez, 678 F.3d 353 (5th Cir. 2012)(vacating the district court's under denying §2255 and remanding for an evidentiary hearing under Lafler and Frye)(2012 WL 1326676).

Counsel was ineffective for facilitating violation of constitutional rights to speedy trial and the speedy trial act.

Its well settled that a defendant's right to a speedy trial is fundamental to our system and firmily grounded in the Sixth Amendment to the United States Constitution. Congress Codified this right as the Speedy Trial Act of 1974 (STA) in 18 U.S.C.§3161, et Seq., with the clear intent of protecting a criminal defendant's Constitutional Rights by Statute. Ancillary to this right the Act protects the public interest by reducing a defendant's opportunity to commits crimes while on pretial release, while preventing extended pretial delay from impairing the deterrent effect of punishment. Zedner V. United States, 547 U.S. 489, 501 (2006).

As such, the STA generally requires that trial beging within 70 days of the filing of a criminal information or indictment or the defendant's initial apperance. It further permits a long and detailed list of periods of delay taht are excluded in computing the time within which trial must start. Zedner, at 497. As applicable here, "exclude time" included any period of delay resulting from other proceedingconcerning the defendant, including but not limited to, which encompass delay resulting from any pretial motion from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion (§3161(h)). The act also provides for the court's flexibility to accommodate poetrial delays through, ends of justice (EOJ) continuance (§3161(h)(7)). Thus, this provision permits

a district court to grant a continuance and to excluded the resulting delay if, after considering certain factors, the court makes on the record finding that the ends of justice severed by granting the continuance the outweigh the public and defendant's interest in a speedy trial. Because the Act serves not only to protect defendants, but also to vindicate the public's interest in the swift administration of justice, a defendant may not opt out of the Act even if believes it would be in his interest; alowing prospective waivers would seriously undermine the ACT, because there are many cases, in which the prosecution, the defense, and the court would all be happy to opt out of the act to the determine of the public interest. Zedner, at 498-500 (emphasis provided). As discussed below, these specific instructions have now been cast in a different light by the Supreme Court and from the basis of Gustavo Gomez Valenzuela's claim.

The Supreme Court's ruling in Bloate V. United States, 130 S.Ct 1345 (2010), Set off a sea change in how courts dispose of pretrial motions a part from the generally accepted methods of the past. Bloate ruled narrowly that the time granted for preparing pretrial motions is not automatically excluded under the Speedy trial Act and can only be excluded when the district court enters a finding under 18 U.S.C.§3161(h)(7).

Severalfinding made by the Bloate courts Support the motion that the text of the STA at issue in the case is plain. FIRST, Bloate recites that §3161(h)(1)(D) render automatically excludable delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion.id. (emphasis added). SECOND, it states: read as it must be, in the context of subsection(h), this text governs the automatic excludability of delays resulting from a specific category of proceedings concerning the defendant namely, proceedings involving pretrial motions. (emphasis added).

THIRD, subparagraph (D) does not subject all pretrial motion related delay to automatic exclusion. Instead, it renders automatically excludable only delay that occurs from the filing of the motion through conclusion of the hearing on, or other prompt disposition of the motion.

Abundantly clear from these statements is that the language of the ACT stating that delay resulting from any pretrial motion is excluded appears plain on its face. It would also contravene common sense that a motion must actually cause a delay in order to be excluded, lest the Acts automatic exclusions, swallow the 70 days rules, which exists to enforce the Acts manifest purpose of ensuring Speedy trials. id.

Here Gustavo Gomez Valenzuela, argues that several events require examined for errors, even though there were waivers in some cases (which he discusses below) executed by his attorneys.

That delay events there were move than enough non-excludable days, which constitute a clear violation of the under Bloate.

If a Judge fails to make the requisite findings regardings the need for an ends of justice continuance, the delay resulting from the continuance must be counted. The exclusion of delay resulting from an ends of justice continunace is the must open ended type of exclusion reconized under the ACT and in allowing the district court to grant such continuances, congress clearly meant to give district court jdges a measure of flexibility to accomodate complex, and dificult cases. It is equally clear that congress, knowing that the many sound grounds for granting an ends of justice continuances could not be rigidly structured, saw a danger that such continuances could get out of hand and subvert the ACT's detailed scheme. The strategy, of §3161(h) is to countetact substantive openendedness with procedural strictness. This provisions demands on the record findings and specifies in some details certains factors

that a judge must consider in making those findings. Zedner, Supra, at 500.
No set of conceivable circumstances work to avoid the necessary conclusion
that the government failed to get Gustavo Gomez Valenzuela, to trial within
the 70 days clock permitted by the STA.

Gustavo Gomez Valenzuela, changes the validity of any waivers his
attorneys, may have offered in his motion to continue based on the specific
holdings in Zedher, which clearly represent prospective waivers of his speedy
trial rights under the STA allowing prospective waivers would seriously undermine
the ACT, because there are many cases, in which the prosecution, the court
would all be happy to opt out of the ACT to the detriment of the public interest.
Zedner at 498-500.

Gustavo Gomez Valenzuela, seeks a finding of ineffective assitance
of counsel as to this claim.

Alternatively, a hearing must be held to examine attorney motivation
strategy or lack there of and address exactly how such waivers were explained
to Gustavo Gomez Valenzuela.

<u>APPLICATION OF CONTROLLING PRECEDENT TO GUSTAVO GOMEZ VALENZUELA"S</u>

<u>CLAIMED ERRORS.</u>

The right to assistance of counsel encompasses the right to effective
assistance of counsel. See McCann V. Richardson, 397 U.S. 759, 771,n.14(1970).
The Sixth Amendment guarantees a criminal defendant the right to effecttive
assistance of counsel at every critical stage of the proceedings againdt
them. A party claiming ineffective assistance of counsel bears the burden
of showing (1) that this counsel's performance fell below objective standard
fgor reasonably effective representation and; (2) that this deficiency prejudice
him). See Strickland V. Washington, 466 U.S. 688-94(1984); Bousley V. UNited
STates, 523 U.S. 614 (1998).

To satisfy the first prong, Gustavo Gomez Valenzuela, must direct this court to specific acts or omission of his counsel. The court must then consider whether in light of all of the circumstances counsel's performance fell outside the range of professionally competent assistance. To satisfy the second prong, he must that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been diferent.

Strickland's reasonable probability language does not require Gustavo Gomez Valenzuela, to meet a preponderance of the evidence threshold, but it does requires him to show a reasonable probability sufficient to undermine confidence in the outcome. This court must also determine whether the deficient performance led to a reult that was fundamentally unfair). Williams V. Taylor, 529 U.S. 420 (2000)(explain that Lockhart did not replace Strickland, and when counsel's deficient performance deprived the defendant of a substantive or procedural right, the prejudice prong of Strickland has been met). Glover V. United States, 531 U.S. 198 (2001)(ruling that any increase in the length of incarceration because of counsel's deficient performance constitutes. Prejudice).

### DEMONSTRATED INEFFECTIVE ASSISTANCE OF COUNSEL

Under these requirements, it is advanced that Gustavo Gomez Valenzuela's attorneys' performance fell below the objective standard for reasonable effective representation and in fact was tantamount to no representational at all as to certainclaims, in such circumstances, he is no required to show prejudice under the Strickland the Strickland test.

### RELIEF REQUESTED

Gustavo Gomez Valenzuela, respectfully requests that this court consider the merits of each claim in context and provide the proper findings of fact and conclusions of law after an evidentiary hearing has concluded which may

be contemplated to assist this court in the issues advanced and making the necessary credibility determinations required. Where the allegation of a motion to vacate are not negated by the record, the district court is required to hold an evidentiary hearing to detail all unresolved factual allegations, which if true, might support Gustavo Gomez Valenzuela's Constitutional claims.

To previal on a motion for a hering to vacate a sentence based on ineffective assistance of counsel, the defendant must estabilish that he has a plausible claim of ineffective assistance, but at this preliminary stage he is not required to establish that he will necessarily succeed on the claim. Gustavo Gomez Valenzuela, contends that the record not provide an adequate basis nor facts for this court to make a decision on the merits and that an evidentiary hearing in necessary and so requested.

## PRAYER

Wherefore, premises considered and for good cause shown, Petitioner, Gustavo Gómez Valenzuela, respectfully requests that the motion as is hereinavove bove set fourth and described, be in all things GRANTED, or such other and further relief that this court deems appropriate.

DATE: 11-13-23

Respectfully SUbmitted,

*Gustavo Gomez Valenzuela*
Gustavo Gomez Valenzuela, Pro Se
#15233379 FCI/McDOWELL
Post Office Box 1009
Welch, West Virginia 24801

## DECLARATION

I, am, Gustavo Gomez Valenzuela, herein declare under penalty of perjury that I am the Petitioner Pro Se in the above stated matter and that the foregoing is true and correct based upon information and belief and not willfully false. I am make this declaration pursuant to 28 U.S.C.§1746 this ___11th___ day of ___November___, 2023.

Respectfully Submitted,

*Gustavo Gomez Valenzuela*
Gustavo Gomez Valenzuela, Pro Se,#15233379
FCI/McDOWELL
Post Office Box 1009
Welch, West Virginia 24801


## CERTIFICATE OF SERVICE

I am, Gustavo Gomez Valenzuela, herein certify that a true copy of the foregoing was sent via first class mail with postage prepaid and afixed there on this ___11th___ day of ___November___ 2023, by placing same in the United States mail to the clerk of the court for the Southern District of Texas at Houston Division.

RESPECTFULLY SUBMITTED,

*Gustavo Gomez Valenzuela*
Gustavo Gomez Valenzuela, Pro Se#15233379
FCI/McDowell
Post Office Box 1009
Welch, West Virginia 24801

Gustavo Gomez Valencia
FCI/McDowell
Post Office Box 1009
Welch, West Virginia 24801



Office Of Clerk
United States District Court
Southern District Of Texas
Houston Division
515 Rusk Ave
Houston, Texas 77002

Legal Mail