IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

JAN 2 2 2024

Nathan Ochsner, Clerk of Court

Gustavo Gomez Valenzuela,
Petitioner,

V.

United States Of America,
Responded.

Case No. 4:20-cv-00026
Crim. Action No. H-20-26-14
Civil Action No. H-23-4390
Before Honorable Judge
Lee H. Rosenthal
United States District Judge

Gustavo Gomez Valenzuela's RESPONSE SHOWING
CAUSE WHY HIS §2255 MOTION SHOULD NOT BE DISMISSED
AS UNTIMELY.

Gustavo Gomez Valenzuela, has recently filed his §2255 motion without the assistance of counsel. The Court questions "Why his petition should not be dismissed as barred by limitations." Thus Gustavo Gomez Valenzuela files this response Showing cause" particularizing two Clear and Convincing issues Showing why his motion should not be dismissed. Gustavo Gomez Valenzuela, shows that:

A)   New reliable evidence exists that was not presented in open Court, and that it is more likely than not that no reasonable, would have Convicted Gustavo Gomez Valin- zuela in light of the new evidence. See Schlup V. Delo, 513 U.S. 298, 324 and 327 (1995).

B)   That timeliness standard of 28 U.S.C. §2255.(f) cannot be applied as Controlling concerning Claims of ineffective assistance of Counsel.

   Gustavo Gomez Valenzuela, provides a Clarifying explanation for each Claim in turn.

A)   New reliable evidence exists that was not presented in open Court, and that it is more likely than not that no reasonable, would have Convicted Gustavo Gomez Valin- zuela in light of the new evidence. See Schlup V. Delo, 513 U.S. 298, 324 and 327 (1995).

1] On March 8, 2020 Gustavo Gomez Valenzuela approxi- mate 4 or 5 am was arrested with luxury of Violence, in that time the agent, throw (knock down) that front door and Violently taut me, then Second day when I was arrest I go to the Court, that Judge ask to prosecutor if Some- body give me that order of execution, they say not.

2] On     March 10, 2010 Gustavo Gomez Valenzula, receive that arrest warrant. That time never not body give me that miranda rights.          (2 of 7)

3) Gustavo Gomez Valenzuela's case represents the threat of incarceration that every law enforcement officer faces when performing his duty. When an officer makes an arrest, the bright line between his official duty and depriving someone of civil rights, is marked by probable cause.

4) That officer found into the house two firearm.

5) Before the that arres was pice up new cars which offer for sale.

6) Gustavo Gomez Valenzuela's §2255 should be heard, and relief granted, or in the alternative, this court will have declared open season on all law enforcement officers nation-wide who perform their duty.

8) The finaliness standard of 28 U.S.C. §2255 (f) cannot be applied as controlling concerning claims of ineffective assistance of counsel.

7) Because of the lower court's interpretation of Massaro V. United States, 538 U.S. 500 (2003), a §2255 motion serves as a Federal defendant's direct appeal from an illegal sentence caused by the ineffective assistance of defense counsel. Therefore a procedural bar that denies review, where counsel was not appointed, is unconstitutional. The failure to appoint counsel side stepped Congress's intent in 18 USC §3006A. Which

demands that an indigent defendant be appointed Counsel in all appeals, See 18 USC §3006A(c).

Moreover, depriving Gustavo Gomez Valenzuela of review because of a procedural default would result in an unconstitutional deprivation of his due process right to direct appeal with the benefit of Counsel, which is guaranteed by the Constitution's Sixth Amendment. The Supreme Court of the United States in Buck V. Davis, 137 S.Ct. 759 (2017) upheld its decision in Martinez V. Ryan, 566 U.S. 1 at 9, holding "that when a state formally limits the adjudication of Claims of ineffective assistance of trial counsel to collateral review, a prisoner may establish Cause for procedural default if (1) the State Courts did not appoint counsel in the initial review collateral proceeding; or 'appointed Counsel in that proceeding, was ineffective under the standards of Strickland V. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984); and (2) the underlying Claim is a Substantial one, which is to say that the Claim has Some merits. Id., at 14, 132 S.Ct. 1309, 182 L.Ed. 2d 272."

The merits in Gustavo Gomez Valenzuela's §2255 is Self-evident. He presented the Claim that he was deprived of his due process right to be heard at a fair, because of the ineffectiveness of his defense Counsel. Counsel's failure not only violated Gustavo Gomez Valenzuela's right to counsel, but also his due process right to a fair trial where he could have been heard in his own defense.

Gustavo Gomez Valenzuela shows that under the procedural default doctrine, if a prisoner "defaulted his federal claims in state courts pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as result of the alleged violation of federal law." Coleman v. Thompson, 501 U.S. 722, 750 (1991). In general, lack of an attorney and attorney error in state post conviction proceedings do not establish cause to excuse a procedural default. id. at 757, 111 S. ct. at 2568.

In Martinez, The Supreme Court announced a narrow, equitable, and non-constitutional exception to Coleman's holding (that ineffective assistance of collateral counsel cannot serve as cause to excuse a procedural default) in the limited circumstances where (1) a state requires a prisoner to raise ineffective-trial-court's counsel claims at an initial review collateral proceedings (2) the prisoner failed properly to raise ineffective-trial or court counsel claims in his state initial review collateral proceeding; (3) the prisoner did not have collateral counsel or his counsel was ineffective; and (4) failing to excuse the prisoner's procedural default would cause the prisoner to lose a substantial ineffective counsel claim. In such a case, the Supreme Court explained that there may be cause to excuse the procedural default of the ineffective counsel claim. Martinez, 132 S. ct. at 1319. Subsequently, the Supreme Court extended Martinez's rule to cases where state law technically permits ineffective

(5 of 7)

Counsel Claim on direct appeal but state procedure make it virtually impossible to actually raise ineffective counsel claims on direct appeal, See Trevino V. Thaler, 133 S.Ct. at 1915, 1918-21.

There can be no question that the federal Criminal Court system requires that Ineffective Assistance of Counsel Claims should be brought in collateral proceedings, not on direct appeal. Such claim brought on direct appeal are presumptively dismissible, and virtually all will be dismissed. The reasons for this rule are also self evident. A factual record must be developed in and addressed by the district court in the first instance for ineffective review. Even if evidence is not necessary, at the very least counsel accused of deficient performance can explain their reasonings and actions, and the district court can render its opinion on the merits of the claim. An opinion by a district court is a valuable aid to appellate review for many reasons, not the least of which is that in most cases the district courts is familiar with the proceedings and has observed counsel's performance, in contrat, first hand. Thus, even if the record appears to need no further development, the claim will still be presented first to the district court in collateral proceedings, which should be instituted without delay, so the reviewing court can have the benefit of the district court's views. Therefore, the statutory right to appeal, that is a part of today's due process in the federal system, has been reduced to a right that no longer includes a right to appeal from a

Sixth Amendment Claim of ineffective assistance of Counsel.

Gustavo Gomez Valenzuela, Claims that it is because he had no Counsel during the preparation period in his First Tier Collateral §2255 proceeding that serves a cause for his procedural default.

Wherefore, based on the foregoing, Gustavo Gomez Valenzuela, respectfully moves this Court to find that Cause "Why the motion should not be dismissed as untimely" exists, and to order the government to show Cause why Gustavo Gomez Valenzuela's requested relief should not be granted.

Respectfully Submitted on January 12, 2022 by

Gustavo Gómez Valenzuela
Gustavo Gomez Valenzuela, Pro Se #15233379
Federal Correctional Institution McDowell
Post Office Box 1009
Welch, West Virginia 24801

CERTIFICATE OF SERVICE
I do hereby Certify that I have served a copy of this response on the Clerk of Court properly addressed, first Class postage prepaid, and placed in the institution's mailing system as available to inmates, on January 12, 2024

Respectfully Submitted by:
Gustavo Gómez Valenzuela
Gustavo Gomez Valenzuela Pro Se #15233379
Federal Correctional Institution McDowell
Post Office Box 1009
Welch, West Virginia 24801
(7 of 7)



Gustavo Gomez Valenzuela #15233379
Federal Correctional Institution McDowell
Post Office Box 1009
Welch, West Virginia 24801

Retail

U.S. POSTAGE PAID
FCM LETTER
WELCH, WV 24801
JAN 11, 2024

77002

$0.00

RDC 99          R2305K141309-09

United States Courts
Southern District of Texas
F I L E D

JAN 22 2024

Nathan Ochsner, Clerk of Court

Clerk's Office
United States District Court
Southern District Of Texas
Houston Division
515 Rusk Ave.
Houston, Texas 77002

CERTIFIED MAIL