United States District Court
Southern District of Texas
**ENTERED**
March 13, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | |
| § | |
| vs. § | CRIMINAL ACTION NO. H-20-26-14 |
| § | |
| § | CIVIL ACTION NO. H-23-4390 |
| § | |
| GUSTAVO GOMEZ-VALENZUELA § | |

**MEMORANDUM AND ORDER DENYING 28 U.S.C. § 2255 MOTION**

Gustavo Gomez-Valenzuela, (BOP # 15233-379), is a federal inmate at the McDowell Federal Correctional Institution in West Virginia. Representing himself, he filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, challenging his 2022 convictions and sentences on multiple charges that arose in the Southern District of Texas. (Docket Entry No. 858). Under Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts, the court must review a motion to vacate, set aside, or correct a sentence and dismiss the motion if "[i]t plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." After considering Gomez-Valenzuela's motion, his response to the court's order to show cause, the record, and the applicable law, the court dismisses his motion as barred by limitations. The reasons are explained below.

**I.    Background**

In April 2022, Gomez-Valenzuela pleaded guilty to two counts of aiding and abetting a false statement on an ATF 4473 form (counts 5 and 8), one count of aiding and abetting an alien in possession of a firearm (count 17), one count of being a felon in possession of a firearm (count 20), one count of conspiracy to possess with intent to distribute 50 grams or more of

methamphetamine (count 21), one count of aiding and abetting the smuggling of goods from the United States (count 26), one count of participating in an international money laundering conspiracy (count 34), and one count of illegal reentry by a previously deported alien (count 35). (Docket Entry No. 478). On July 14, 2022, the court sentenced Gomez-Valenzuela to a total of 360 months in prison, followed by five years of supervised release. (Docket Entry No. 711). Judgment was entered the same day. (Docket Entry No. 740). Gomez-Valenzuela did not appeal his convictions or sentence. (Docket Entry No. 858, p. 3).

On November 14, 2023, Gomez-Valenzuela filed a motion to vacate, set aside, or correct his sentence, raising two claims of ineffective assistance of counsel and one claim that his plea was not knowingly and voluntarily entered. (*Id.* at 6). He asks the court to set aside his convictions and sentences and schedule an evidentiary hearing on his claims. (*Id.* at 15).

Because Gomez-Valenzuela's motion appeared untimely on its face, the court ordered him to show cause why his motion should not be dismissed as barred by the limitations period of 28 U.S.C. § 2255(f). (Docket Entry No. 865). Gomez-Valenzuela responded, arguing that the limitations period does not apply to his claims of ineffective assistance of counsel and that the limitations period for his claim of an involuntary plea should be extended because new reliable evidence shows that he is actually innocent. (Docket Entry No. 868). He also filed a motion asking the court to order the government to show cause why his motion should not be granted. (Docket Entry No. 867).

**II.  Discussion**

Gomez-Valenzuela's motion is governed by the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"). AEDPA contains a one-year limitations period, which begins to run on the latest of four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). While the limitations period is an affirmative defense, a district court may raise the defense on its own and dismiss a § 2255 motion before ordering an answer if it "plainly appears from the face of the [motion] and any exhibits annexed to it that the [defendant] is not entitled to relief." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). Before doing so, the district court must give the defendant fair notice and an opportunity to respond. *See Day v. McDonough*, 547 U.S. 198, 210 (2006).

Gomez-Valenzuela's time to file a motion under § 2255 began on the date his conviction became final. *See* 28 U.S.C. § 2255(f)(1). A criminal conviction becomes final on the date the applicable period for seeking appellate review of the conviction expires. *See Clay v. United States,* 537 U.S. 522, 532 (2003); *United States v. Plascencia,* 537 F.3d 385, 388 (5th Cir. 2008) ("[W]hen a federal prisoner fails to file a notice of appeal from his conviction (in other words, when he fails to pursue the direct appeal process), the conviction becomes final for purposes of § 2255 upon the expiration of the 10-day period for filing a direct appeal.").[1]

---

[1] Federal Rule of Appellate Procedure 4(b)(1)(A) was amended in 2009 to provide for a 14-day period in which to file a notice of appeal.

Gomez-Valenzuela was sentenced on July 14, 2022, and the judgment of conviction was entered the same day. This conviction became final 14 days later, on July 28, 2022, when his time to file a notice of appeal expired. *See* FED. R. APP. P. 4(b)(1)(A). Gomez-Valenzuela had one year from that date, or until July 28, 2023, to file a timely § 2255 motion. Gomez-Valenzuela's § 2255 motion was filed on November 20, 2023, well outside the limitations period. His motion is time-barred unless he can show that a statutory or equitable exception applies.

Gomez-Valenzuela makes two arguments in his response to the court's order to show cause. First, he contends that the AEDPA limitations period does not apply to claims of ineffective assistance of counsel. (Docket Entry No. 868, pp. 3-7). Second, he contends that, if the limitations period applies, it should be extended because he has discovered new evidence that establishes his innocence. (*Id.* at 2-3). The court addresses these arguments in turn.

A. **The Limitations Period for Ineffective Assistance Claims.**

Gomez-Valenzuela first contends that the AEDPA limitations period does not apply to ineffective assistance claims. He relies on the United States Supreme Court decisions in *Massaro v. United States*, 538 U.S. 500 (2003), and *Martinez v. Ryan*, 566 U.S. 1 (2012), but those decisions do not support his argument. The *Massaro* and *Martinez* decisions recognize that an exception to the limitations period might arise if a § 2255 motion is untimely filed *because of* the alleged ineffective assistance of counsel. The decisions do not provide an exception to the limitations period for all claims of ineffective assistance of counsel. Gomez-Valenzuela's argument that the *Massaro* and *Martinez* decisions exempt all claims of ineffective assistance of counsel from the AEDPA limitations period is incorrect. The Fifth Circuit has specifically rejected the argument that Gomez-Valenzuela makes here, that ineffective assistance of counsel claims are not governed by the AEDPA statute of limitations. *See, e.g., Molo v. Johnson*, 207 F.3d 773, 775

4

& n.8 (5th Cir. 2000) (per curiam) (ineffective assistance of counsel claims do not toll the AEDPA limitations period).

In addition, even if the *Massaro* and *Martinez* decisions could be construed to apply to Gomez-Valenzuela's claims, he has not alleged facts that would entitle him to relief. Gomez-Valenzuela alleges that trial counsel provided ineffective assistance by failing to inform him of the maximum potential sentence he faced, by failing to object to the calculation of the advisory Sentencing Guidelines range, and by threatening or coercing him into entering the plea agreement. Gomez-Valenzuela does not allege that trial counsel's alleged ineffectiveness prevented him from filing his § 2255 motion before the limitations period expired or that his motion was untimely filed *because of* the ineffectiveness of counsel. In the absence of facts showing that Gomez-Valenzuela's motion was untimely *because of* the ineffective assistance of trial counsel, his claims are governed by the one-year limitations period of § 2255(f)(1) and are untimely. These claims must be dismissed unless some other exception to the limitations period applies.

**B.     The Limitations Period for Claims Based on New Evidence.**

Alternatively, Gomez-Valenzuela contends that if the AEDPA limitations period applies, it should be extended because "new reliable evidence exists that was not presented in open court, and that it is more likely than not that no reasonable [jury] would have convicted" him had the evidence been presented. (Docket Entry No. 868, p. 2). Gomez-Valenzuela alleges that when he was arrested on March 8, 2020, the officers used excessive force, did not advise him of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), and did not provide him with a copy of the arrest and search warrant. (Docket Entry No. 868, pp. 2-3). He contends that if these facts had been presented at trial, a reasonable jury would have acquitted him of the charges.

5

While not clearly stated in his response, it appears that Gomez-Valenzuela contends that these allegations should extend the limitations period under § 2255(f)(4). That provision states that the limitations period begins to run on the date when the facts supporting the claim were or could have been discovered. As is clear from the statutory language, the relevant date under this section is the date the defendant learns of the allegedly new facts, not the date the defendant learns of the potential legal significance of those facts. *See, e.g., Wilson v. United States*, 413 F.3d 685, 687 (7th Cir. 2005); *see also Saenz v. United States*, No. M-03-498-10, 2013 WL 12404976, at *3 (S.D. Tex. Feb. 22, 2013) ("Section 2255(f)(4) refers to the discovery of the factual predicate of the claim, not the discovery of the legal theory or the legal significance of the facts"), *report & recommendation adopted*, 2013 WL 12404977 (S.D. Tex. Mar. 22, 2013).

Gomez-Valenzuela's allegations describing the "new" facts make it clear that he knew these facts on March 8, 2020, when he was arrested. This was more than two years before he pleaded guilty and long before the judgment was entered. Gomez-Valenzuela knew of these facts well before the limitations period began to run. These facts are not the type of "new" evidence that would support extending the limitations period under § 2255(f)(4). He is not entitled to relief from the limitations period on this basis.

Gomez-Valenzuela also alleges that these "new" facts entitle him to an extension of the limitations period because they establish his "actual innocence." (Docket Entry No. 868, p. 2). Actual innocence, if proven, may excuse the failure to comply with AEDPA's limitations period and provide a gateway to review otherwise time-barred claims. *See McQuiggen v. Perkins*, 569 U.S. 383, 386 (2013). To have the actual-innocence exception apply, a defendant must present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S.

298, 324 (1995). In determining whether the proffered evidence is "new," the court considers whether the evidence was available to the defendant or his counsel at the time of trial. *See Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018). "Evidence does not qualify as 'new' under the *Schlup* actual-innocence standard if 'it was always within the reach of [the defendant's] personal knowledge or reasonable investigation.'" *Id.* (quoting *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008)); *see also Lucas v. Johnson*, 132 F.3d 1069, 1074 (5th Cir. 1998) (evidence whose "essence or character" was available to be presented at trial is not "new" for purposes of an actual-innocence claim). In addition, the new evidence must bear on the defendant's factual innocence, not the legal sufficiency of the State's evidence. *See Bousely v. United States*, 523 U.S. 614, 623-24 (1998).

Gomez-Valenzuela does not allege that he discovered any exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence after the limitations period had expired. Instead, the only facts Gomez-Valenzuela identifies are facts that occurred during his arrest on March 8, 2020. These facts are not "new" under the *Schlup* standard for new evidence. By their nature, they were known to Gomez-Valenzuela both at the time of his arrest and when he decided to enter into a plea agreement with the government. In addition, these facts bear on the legal sufficiency of the government's evidence, not Gomez-Valenzuela's factual innocence. For both reasons, the facts identified by Gomez-Valenzuela do not satisfy the demanding *Schlup* standard for actual innocence. His § 2255 motion is untimely and must be dismissed unless some other exception to the federal habeas limitations period applies.

  **C. The Remaining Exceptions.**

In his response to the order to show cause, Gomez-Valenzuela does not allege facts showing that either of the remaining statutory exceptions in § 2255(f) apply. He does not allege

facts showing that any unconstitutional government action prevented him from filing his motion before the expiration of the limitations period. *See* 28 U.S.C. § 2255(f)(2). He does not allege facts that could show that his claims are based on a newly recognized constitutional right. *See* 28 U.S.C. § 2255(f)(3). In addition, Gomez-Valenzuela neither claims nor alleges facts that could show that he is entitled to equitable tolling of the limitations period. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (equitable tolling of the limitations period may be available if the defendant shows that although he has been diligently pursuing his rights, an extraordinary circumstance prevented him from timely filing his motion).

Because no statutory or equitable exception applies to extend the deadline for Gomez-Valenzuela's motion, his motion is barred by limitations and must be dismissed.

## III.    Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will not issue unless the defendant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires the defendant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (cleaned up). Under that controlling standard, the defendant is required to show "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (cleaned up). A district court may deny a certificate of appealability on its own, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir.

2000) (per curiam). The court concludes that reasonable jurists could not find Gomez-Valenzuela's claims concerning the limitations period meritorious, so a certificate of appealability will not be issued.

**IV.     Conclusion**

Gomez-Valenzuela's motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, (Docket Entry No. 858), is dismissed with prejudice as barred by limitations. Gomez-Valenzuela's civil action, (No. 4:23-cv-4390), is dismissed with prejudice. The record conclusively demonstrates that no relief is appropriate, and no evidentiary hearing is needed. *See United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983) (no hearing is necessary when a motion is devoid of factual or legal merit). Gomez-Valenzuela's motion for an order to show cause to the government, (Docket Entry No. 867), is denied. Final judgment is separately entered. No certificate of appealability is issued. *See United States v. Bernard*, 762 F.3d 467, 483 (5th Cir. 2014).

SIGNED on March 13, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge